Hinkle, J.
This action arises out of the decision by officials at MCI-Concord to transfer plaintiff from MCI-Concord to another facility. Plaintiff seeks a declaratory judgment arguing that: (1) defendant’s decision was based on improperly promulgated regulations, and (2) the transfer unconstitutionally deprived him of his liberty interests.
On November 16, 1994, this court held a hearing on the cross-motions for summary judgment. Based on the affidavits, memoranda of the parties and oral argument, for the reasons set forth below the plaintiffs motion for summary judgment is DENIED, and the defendants’ motion for summary judgment is GRANTED.
*152 BACKGROUND
The plaintiff, Kevin Lemay, is an inmate in the custody of the Massachusetts Department of Correction (DOC). Paul DiPaolo is the Superintendent of MCI-Concord, a medium-security prison. In October 1991, the MCI-Concord Classification Committee recommended that the plaintiff remain at MCI-Concord and work in the MCI-Concord kitchen. The Commissioner approved this recommendation on November 14, 1991. On April 21, 1992, the MCI-Concord Classification Committee conducted a general classification review of the plaintiffs status and recommended that the plaintiff remain at MCI-Concord in this same work assignment.
On April 29, 1992, plaintiff was terminated from his permanent work force assignment for refusing a direct order. An incident report was filed with respect to this episode. (Ex. 1, Defendants’ Memorandum in Support of Summary Judgment.) On May 18, 1992, before a final classification determination had been made, defendant Michael Thompson, Deputy Superintendent of MCI-Concord, reviewed both the Classification Committee recommendation and the incident report. Because plaintiff was no longer assigned to the work program, Thompson recommended that the DOC transfer plaintiff to MCI-Norfolk. On May 19, 1992, plaintiff was transferred to MCI-Norfolk, and on February 5, 1993, he was transferred to MCI-Shirley. Both facilities are medium-security prisons.
LEGAL DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassessov. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991), accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
I. VALIDITY OF MCI-CONCORD REGULATIONS
On October 2, 1991, the Commissioner of Corrections promulgated 103 DOC 450, Department of Correction Institutional Work Assignment Regulations. The Department of Corrections regulations, in general form, establish the Department’s work assignment policy for all institutions in the Department of Corrections. In accord with the Department’s regulations, the Superintendent of MCI-Concord adopted 103 CON 450 (3/13/92), MCI Concord Institutional Work Assignment.[2] These regulations detail MCI-Concord’s policies and procedures for implementing work assignments at MCI-Concord, including eligibility criteria for the work program, placement of workers, numbers, location, termination, health and safety and other supervision concerns. 103 CON 450.00-450.19.
A. Authority of Superintendent of MCI-Concord
Plaintiff argues that the superintendent lacks the statutory power to promulgate 103 CON 450 because this regulation provides for termination of an inmate’s work assignment and 103 DOC 450 does not explicitly authorize terminations. I disagree. Regulation 103 DOC 450.08 states: “[T]he superintendent of each institution shall be responsible for implementing and monitoring this policy.” This vests broad authority in each facility-superintendent to establish specific rules regulating the work program. Accordingly, I find and rule that the superintendent of MCI-Concord was authorized under 103 DOC 450 to promulgate 103 CON 450.[3]
B. The Massachusetts Administrative Procedures Act
Plaintiff also argues that 103 CON 450 is invalid because it was not promulgated in accord with the notice and comment requirements of the Massachusetts Administrative Procedures Act (the APA), c. 30A, §5. Under G.L.c. 30, §37, any official of state government authorized by law to make regulations must comply with the filing requirements of the APA.[4] The APA sets forth specific procedures which must be followed when agencies adopt, repeal or amend regulations.
G.L.c. 30A, §1(2) provides that the term “agency” does not include the department of corrections. Accordingly, I rule that MCI-Concord cannot be considered an agency for the purposes of applying the APA.
Further, G.L.c. 30A, §1(5) provides that “regulations concerning only the internal management or discipline of the adopting agency or any other agency, and not substantially affecting the rights or the procedures available to the public or that portion of the public affected by the agency’s activities” are not subject to the procedures of the APA. The purpose of the MCI-Concord regulation is “to establish, in part, regulations concerning inmate work assignments at MCI-Concord." 103 CON 450. Plaintiff contends that the term “regulations” causes 103 CON 450 to fall within the scope of G.L.c. 30, §37, thus placing it within the reach of the APA.
*153 I find and rule that these work assignment regulations concern only the “internal management or discipline” of MCI-Concord and do not substantially affect the rights of the public. Accordingly, 103 CON 450 does not fall within the definition of regulation under c. 30A, §1(5) and is, therefore, valid.[5]
II. PLAINTIFF’S TRANSFER
Plaintiff claims that defendants deprived him of liberty interests by not informing him of the possibility of a transfer at the April 21, 1992 classification hearing and by not holding another hearing after his termination from the work program in violation of 103 C.M.R. 420.09(2)(a) and (b).
Section 420.09(2)(a) provides that a:
[c]lassification hearing shall normally occur before an inmate’s transfer. However, whenever an inmate is being considered for a transfer to a Massachusetts correctional facility with an equivalent custody level because he/she is being investigated for possible disciplinary offenses, has been charged with a disciplinary offense . . . because of security issues or due to the inmate’s failure to meet preconditions of his/her current placement, the inmate may be transferred prior to such hearing.
The incidents resulting in plaintiffs transfer occurred after the classification hearing but before the Deputy Superintendent’s review. Consequently, they could not have been discussed with the plaintiff at the classification hearing. Plaintiffs transfer was a direct result of his termination from the work program.[6] To remain at MCI-Concord, the inmate must be on permanent work status. Luongo Affidavit. Once plaintiff lacked permanent work force status, he could not remain at MCI-Concord.
The Commissioner of Corrections maintains broad discretion to transfer inmates. While the Department regulations establish guidelines for the Commissioner’s decisions, they do not substantively restrict this broad discretion. Parenti v. Ponte, 111 F.2d 21, 24 (1st Cir. 1984). The courts have long recognized that prison officials must be permitted to exercise administrative discretion to transfer inmates for such varied reasons as security, convenience and rehabilitation. Meachum v. Fano, 427 U.S. 215, 226-28 (1976); Jackson v. Commissioner of Correction, 388 Mass. 700, 703 (1983). Plaintiff has not demonstrated that the decision to transfer him was anything other than an objective administrative decision and a proper exercise of Deputy Superintendent Thompson’s discretion. Accordingly, I find and rule that defendants did not infringe on plaintiffs liberty interest by not informing him of his potential transfer at the time of the classification hearing.
Pursuant to 103 C.M.R. 420.09(b), inmates are entitled to a classification hearing within 20 days of a transfer to a different facility. It is uncontested that plaintiff did not receive a classification hearing within 20 working days of his transfer to MCI-Norfolk. Plaintiff asserts that the Department’s failure to hold such a hearing constitutes a deprivation of his liberty interests. To maintain an action for constitutional violations, however, a plaintiff must show that the state’s actions caused him prejudice. See Martorano v. Department of Public Utilities, 401 Mass. 257, 262 (1987) (agency’s disregard of its own rules not reversible error where conduct caused no prejudice). Plaintiff has not demonstrated that the delay in holding the classification hearing caused him any prejudice. Indeed, since he was transferred from one medium-security prison to another, I cannot see any arguable prejudice.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion for summary judgment is DENIED, and defendants’ motion for summary judgment is ALLOWED. Judgment shall enter in favor of the defendants.

Regulations for the Department of Correction are designated by the abbreviation “DOC” and for MCI-Concord by the abbreviation “CON.”

Plaintiff also argues that 103 CON 450 represents a repeal of 103 DOC 450, and that the Commissioner did not authorize any employee of the DOC to amend or repeal 103 DOC 450. Accordingly, plaintiff argues, the defendant had no authority to promulgate this regulation. As I have ruled that the Commissioner granted authority under 103 DOC 450, it is not necessary to reach this argument.

M.G.L.c. 30A, §37 provides, “Every department, board, commission, division, authority, or official or state government, or subdivision thereof, authorized by law to make regulations, shall comply with the filing provisions of section five of chapter thirty A and such regulations shall not take effect until so filed.”

Rlaintiff claims that because 103 CON 450 was invalid, its use improperly denied him a liberty interest in being reassigned to a work detail and in earning credit against his sentence. Because I find 103 CON 450valid, these arguments are without merit.

MCI-Concord contains a transient inmate population. It is basically a reception center for: (1) the initial classification of inmates; (2) reclassification of inmates; (3) inmates awaiting transfer to another location; and (4) parole violators.